## PATRICK & TILLMAN DRILLING CO. et al. v. DAVIS et al.

No. 22573. Opinion Filed Jan. 19, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

Cooke & Jackson, G. G. McBride, and A. L. Jeffrey, for respondent T. C. Davis.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CLARK, V. C. J. This is an original action in this court by petitioners to review the judgment and award of the State Industrial Commission, made and entered on the 20th day of June, 1931, against petitioners, and in favor of T. C. Davis, respondent, wherein the Commission found that respondent T. C. Davis sustained an accidental personal injury arising out of and in the course of his employment, nature of said injury being to his eyes, and that by reason thereof respondent T. C. Davis suffered ten per cent. permanent loss of vision to both eyes as a result of said injury, in addition to the temporary total compensation paid.

Petitioners urge that the award should not be permitted to stand for the reasons:

(1) There is no competent evidence establishing that this employee sustained any loss of vision as the result of the alleged accidental injury.

(2) That there is no competent evidence supporting a finding of ten per cent. permanent loss of vision in both eyes.

The record discloses that respondent was working for petitioner, Patrick & Tillman Drilling Company, on the 8th day of July, 1929, and while closing a boiler down, the connection came out and scalded his face, and he received an injury by burns about the face, neck, ears, and eyes.

Respondent testified regarding the condi-

tion of his eyes prior to the injury as follows:

"Q. Prior to the time you received your injury, what was the condition of your eyes then? A. Just as good as eyes could be, I reckon. Q. Have you ever had trouble with your vision before? A. No, sir."

And as to the condition of his eyes since the injury, respondent testified as follows:

"Q. Do you know whether or not at this time that you had as good vision as you ever had in your life prior to the injury in 1929? A. I do not have as good vision now as I had before. Q. Just how do your eyes bother you? A. Well, they are sore, and generally irritated all the time, and I have a hurting all over my eyes sometimes, and have a dull headache all time. When I read five minutes I can see dark spots and cannot see anything for a while but just a blur. Q. What effect does it have when you are in the wind awhile? A. They hurt and irritate me when I am out in the wind for awhile."

Dr. A. L. Guthrie, an admitted eye, ear, nose and throat specialist, testified on behalf of respondent that he examined respondent on the 20th day of May, 1931, and found a mild degree of conjunctivitis with a mucous secretion, which might have caused some loss of vision, and that his vision was 20/50 in the right and 20/50 minus one in the left eye, that that was all he could get him to admit for him, and further testified:

"Q. Doctor you say that the symptoms he has are that letters run together after he reads awhile? A. Yes. Q. Is that what he tells you or can you prove that to yourself? A. That is what he tells me and I can prove to my satisfaction that his vision is not normal. Q. Would his poor vision cause his headaches? A. Yes, sir."

Dr. L. M. Westfall, an admitted eye, ear, nose and throat specialist, testified on behalf of the petitioners herein that he examined respondent on the 26th day of May, 1931, and found his vision 20/30 right eye, and 20/30 left eye. That there is a slight loss of vision, also considerable discomfort.

A careful examination of the record discloses sufficient evidence to support the finding of the Industrial Commission that respondent, at the time of trial, and prior thereto, had a loss of vision in both eyes as a result of the accident complained of, but there is no testimony that said loss of vision was permanent. The award being for permanent partial loss cannot be sustained by this court unless there is some competent evidence tending to support the findings, not only that there is an injury and a loss of vision resulting from the accident, but that said loss of vision is permanent.

The record discloses that the respondent is suffering from loss of vision as a result of the accident. There is competent evidence supporting this finding; however, the evidence does not show that it is permanent. It could be temporary partial disability or permanent partial disability.

The judgment and award of the Industrial Commission is reversed and remanded to the State Industrial Commission for a further determination in accordance with the views herein expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.