### FOX RIG & LUMBER CO. et al. v. MINICK et al.

No. 24149. March 27, 1934.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

J. Berry King, Atty. Gen., by Robert D. Crowe, Asst. Atty. Gen., for respondent.

BUSBY, J. This is an original proceeding instituted in this court for the purpose of vacating an award of the State Industrial Commission.

The employer, Fox Rig & Lumber Company, and the insurance carrier, Consolidated Underwriters, are petitioners herein, and the claimant, A. W. Minick, is respondent. The parties will be referred to as petitioners and claimant, respectively.

The record establishes that on November 22, 1932, the claimant suffered an accidental personal injury while engaged in a hazardous occupation as defined by the Workmen's Compensation Act of this state.

Claimant was paid temporary total disability. His claim for compensation was filed with the State Industrial Commission, and the matter was heard in August of 1932 to determine the partial loss of vision, if any, sustained by the claimant as a result of the accidental injury. The Commission entered its order on September 12, 1932, finding that the claimant had suffered a 5 per cent. permanent loss of vision in his left eye as a result of the accident, and awarded compensation in the sum of $40.

The petitioners concede that the evidence supports the finding that the claimant was suffering from a 5 per cent. loss of vision of the left eye, but **assert that there is no evidence in the record to support the finding that such loss of vision was permanent in character.** Petitioners also contend that there is no evidence in the record supporting the view that such loss of vision was due to the accidental injury.

The question of whether or not an injury suffered by an employee is permanent in character is one of fact. A finding by the State Industrial Commission that an injury is permanent cannot be approved unless there is some evidence tending to establish that fact. Patrick & Tillman Drilling Co. v. Davis, 154 Okla. 216, 7 P. (2d) 146, 147.

A careful examination of the record in this case fails to disclose any evidence supporting the view that the loss of vision from which claimant was suffering immediately before the hearing was permanent in character.

In the case of Patrick & Tillman Drilling Co. v. Davis, supra, this court said:

"The award, being for permanent partial loss, cannot be sustained by this court unless there is some competent evidence tending to support the findings, not only that there is an injury and a loss of vision resulting from the accident, but that said loss of vision is permanent."

The absence of this essential proof requires that the order of the Commission be vacated.

We shall not discuss the question of whether or not there is any evidence in support of the finding of the Commission that the loss of vision was due to the original injury, for the reason that the proof on that issue of fact may be different in any subsequent proceeding to that now shown by the record. The award of the Commission is vacated, with directions to proceed in a manner not inconsistent with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.